FILED

DEC 19 2003

AT 8:30 \_\_\_\_ 11:81 \_\_M
WILLIAM T. WALSH
CLERK

**WOLFF, HELIES, DUGGAN, SPAETH & LUCAS, P.A.**
Valley Park Professional Center
2517 Highway 35
Building K, Suites 201 & 202
P. O. Box 320
Manasquan, New Jersey 08736
(732) 223-5100
Attorneys for Defendant, Public Schools of Edison Township
Our File No.: 0952.16344-D
JPD 3871

| | |
|---|---|
| Plaintiff : | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| THOMAS O. SWANGIN, JR. : | |
| vs. : | **Docket No.** 03-4058 (JCL) |
| Defendants : | *Civil Action* |
| PUBLIC SCHOOLS OF EDISON TOWNSHIP, DR. MARYANN BANKS, DR. VINCENT CAPRARO, FRANK CANGELOSI and ROSS CAPACCIO : | ANSWER, SEPARATE DEFENSES, **COUNTERCLAIM**, DEMAND FOR WRITTEN STATEMENT OF DAMAGES CLAIMED, DESIGNATION OF TRIAL COUNSEL AND JURY DEMAND |

Defendant, Public Schools of Edison Township, answering the Complaint of the plaintiff filed herein for its Answer, says:

## AS TO THE PARTIES

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 and leaves plaintiff to his proofs.

2. Defendant admits the allegations contained in paragraph 2.

3. Defendant denies the allegations contained in paragraph 3.

4. Defendant denies the allegations contained in paragraph 4.

5. Defendant denies the allegations contained in paragraph 5.

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 and leaves plaintiff to his proofs.

## AS TO FACTUAL ALLEGATIONS

1. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 and leaves plaintiff to his proofs.

2. Defendant denies the allegations contained in paragraph 2.

3. Defendant admits the allegations contained in paragraph 3.

4. Defendant admits the allegations contained in paragraph 4.

5. Defendant denies the allegations contained in paragraph 5.

6. Defendant denies the allegations contained in paragraph 6.

7. Defendant denies the allegations contained in paragraph 7.

8. Defendant denies the allegations contained in paragraph 8.

9. Defendant denies the allegations contained in paragraph 9.

10. Defendant denies the allegations contained in paragraph 10.

11. Defendant denies the allegations contained in paragraph 11.

12. Defendant denies the allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16.

17. Defendant denies the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant admits the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant denies the allegations contained in paragraph 24.

25. Defendant denies the allegations contained in paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant denies the allegations contained in paragraph 29.

30. Defendant denies the allegations contained in paragraph 30.

31. Defendant denies the allegations contained in paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36 and leaves plaintiff to his proofs.

37. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 37 and leaves plaintiff to his proofs.

38. Defendant denies the allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

40. Defendant denies the allegations contained in paragraph 40.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

## AS TO THE FIRST COUNT

## VIOLATIONS OF TITLE VII

1. Defendant repeats each and every answer to the allegations contained in the Factual Allegations and makes the same a part hereof as if set forth at length.

2. Defendant admits the allegations contained in paragraph 2.

3. Defendant denies the allegations contained in paragraph 3.

4. Defendant denies the allegations contained in paragraph 4.

5. Defendant denies the allegations contained in paragraph 5.

6. Defendant denies the allegations contained in paragraph 6.

## AS TO THE SECOND COUNT

## VIOLATIONS OF 42 U.S.C., 1983

1. Defendant repeats each and every answer to the allegations contained in the Factual Allegations and the First Count and makes the same a part hereof as if set forth at length.

2. Defendant denies the allegations contained in paragraph 2.

3. Defendant denies the allegations contained in paragraph 3.

4. Defendant denies the allegations contained in paragraph 4.

## AS TO THE THIRD COUNT

## VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION

1. Defendant repeats each and every answer to the allegations contained in the Factual Allegations and the First and Second Counts and makes the same a part hereof as if set forth at length.

2. Defendant denies the allegations contained in paragraph 2.

3. Defendant denies the allegations contained in paragraph 3.

## AS TO THE FOURTH COUNT

## BREACH OF EMPLOYMENT CONTRACT

1. Defendant repeats each and every answer to the allegations contained in the Factual Allegations and the First, Second and Third Counts and makes the same a part hereof as if set forth at length.

2. Defendant denies the allegations contained in paragraph 2.

### AS TO THE FIFTH COUNT

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. Defendant repeats each and every answer to the allegations contained in the Factual Allegations and the First, Second, Third and Fourth Counts and makes the same a part hereof as if set forth at length.

2. Defendant denies the allegations contained in paragraph 2.

### AS TO THE SIXTH COUNT

### RETALIATION

1. Defendant repeats each and every answer to the allegations contained in the Factual Allegations and the First, Second, Third, Fourth and Fifth Counts and makes the same a part hereof as if set forth at length.

2. Defendant admits that the plaintiff filed grievances and internal complaints.

3. Defendant admits that the plaintiff has filed numerous complaints with the Equal Opportunity Commission, however, it denies that it has ever discriminated against the plaintiff.

4. Defendant denies the allegations contained in paragraph 4.

5. Defendant denies the allegations contained in paragraph 5.

6. Defendant denies the allegations contained in paragraph 6.

## AS TO THE SEVENTH COUNT

## VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

1. Defendant repeats each and every answer to the allegations contained in the Factual Allegations and the First, Second, Third, Fourth, Fifth and Sixth Counts and makes the same a part hereof as if set forth at length.

2. Defendant denies the allegations contained in paragraph 2.

3. Defendant denies the allegations contained in paragraph 3.

## AS TO RELIEF AND DAMAGES

1. Defendant denies the allegations contained in paragraph 1.

2. Defendant denies the allegations contained in paragraph 2.

3. Defendant denies the allegations contained in paragraph 3.

4. Defendant denies the allegations contained in paragraph 4.

5. Defendant denies the allegations contained in paragraph 5.

6. Defendant denies the allegations contained in paragraph 6.

## SEPARATE DEFENSES

1. The Complaint fails to state a cause of action upon which relief may be granted.

2. Pursuant to Federal Rule 11, the cause of action as stated is frivolous and the defendant will, at the conclusion of the matter, seek those sanctions allowed by law.

3. Defendant denies the existence of or breach of any duty and further denies the existence of or breach of any contractual obligation, express or implied.

4. This defendant is guilty of no intentional misconduct which proximately caused any injury to plaintiff.

5. Defendant asserts the applicability of the provisions of N.J.S.A. 59:2-1 and N.J.S.A. 59:2-2, as to the immunities available to the public entity and/or public employee.

6. Defendant asserts the applicability of the provisions of N.J.S.A. 59:2-3 and N.J.S.A. 59:3-2, as to the absence of liability from the exercise of judgment or discretion.

7. Defendant asserts the applicability of the provisions of N.J.S.A. 59:2-4 and N.J.S.A. 59:3-3 as to the non-liability for any injury caused by adopting or failing to adopt a law or by failing to enforce any law.

8. Defendant asserts the applicability of the provision of N.J.S.A. 59:2-5 and N.J.S.A. 59:3-6 as to the non-liability for issuance or failure to issue any permit, license, certificate, approval, order or similar authorization.

9. Defendant asserts the applicability of the provisions of N.J.S.A. 59:2-6 and 59:3-7 as to the non-liability for injury caused by the failure to inspect for the adequacy of same.

10. Defendant asserts the applicability of the provisions of N.J.S.A. 59:3-5 as to the non-liability of a public employee for an injury caused by its adoption or failure to adopt any law or by its failure to enforce any law.

11. Defendant asserts the applicability of the provisions of N.J.S.A. 59:4-4 and N.J.S.A. 4-5 as to the condition of property including, but not limited to, issues of actual or constructive notice and condition of its public property.

12. Defendant asserts the applicability of the provisions of N.J.S.A. 59:4-6 as to the liability for an injury caused by the plan or design of public property, either as to original construction or improvement thereto.

13. Defendant asserts the applicability of the provisions of N.J.S.A. 59:4-7 as to the effect of weather conditions on the use of streets and highways.

14. Defendant asserts the applicability of the provisions of N.J.S.A. 59:4-8 and N.J.S.A. 59:4-9 as to the condition of any unimproved public property, including but not limited to tidelands and submerged lands.

15. Defendant asserts the applicability of the provisions of N.J.S.A. 59:5-4 as to the failure to provide police protection service.

16. Defendant asserts the applicability of the provisions of N.J.S.A. 59:8-3 through 59:8-7 regarding failure to provide adequate Notice of Claim.

17. Defendant asserts the applicability of the provisions of N.J.S.A. 59:8-8 through 59:8-11 regarding failure to timely file Notice of Claim and/or failure to file Notice of Claim as set forth therein.

18. Defendant asserts the applicability of the provisions of N.J.S.A. 59:9-2 concerning interest and limitations on judgment.

19. The defendant, if involved at all, acted within the scope of their authority and in good faith in the performance of their duties.

20. The defendant, if involved at all, acted reasonably and properly under the circumstances.

21. No malicious intent of causing a deprivation of plaintiff's civil rights and/or constitutional rights has been factually set out against the defendant.

22. Plaintiff has failed to show approval or acquiescence of defendant of the action as alleged.

23. Defendants are not persons as required by the statutes and plaintiff has failed to allege that the alleged injury was the result of actions taken under color of official policy, custom, or usage of defendants.

24. Defendants were carrying out their duties as officials and employees of the Public Schools of Edison Township, and are entitled to qualified immunity under the statutes.

25. The defendant denies the allegations of improper conduct as set forth in plaintiff's Complaint; however, the alleged misconduct does not rise to the level of a constitutional violation.

26. The defendant acted in good faith and without malicious intent to deprive plaintiff of constitutional rights.

27. The municipal defendants are immune from plaintiff's claim for punitive damages.

28. All of the defendant's actions were taken for nondiscriminatory reasons and were the result of legitimate employment determinations.

## COUNTERCLAIM

Defendant/Counterclaimant, by way of Counterclaim against the plaintiff, says:

1. Defendant/Counterclaimant repeats and realleges its answers to the allegations of plaintiff and the affirmative defenses as though set forth more fully herein.

2. As against defendant, Public Schools of Edison Township, this action is frivolous, unreasonable and without foundation and fact and brought in bad faith.

WHEREFORE, defendant demands judgment against the plaintiff for attorneys fees, costs of suit and such other relief as the Court deems proper and just pursuant to the Rules.

## DEMAND FOR STATEMENT OF DAMAGES

**PLEASE TAKE NOTICE** that in accordance with Rules the undersigned requests that you serve upon us a written statement of the amount of damages claimed in the above-entitled action.

## DEMAND FOR JURY TRIAL

Demand is hereby made for a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the Rules, John Peter Duggan, Esquire, has been designated as trial counsel on behalf of defendant, Public Schools of Edison Township, in the above-captioned matter.

## CERTIFICATION

1. Pursuant to the Rules the undersigned hereby certifies that at the time of the filing of this pleading, the matter in controversy is not the subject of any other action pending in any Court and/or Arbitration proceeding.

2. I certify that the within pleading was filed within the time prescribed by the Rules. I further certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

> WOLFF, HELIES, DUGGAN,
> SPAETH & LUCAS, P.A.
> Attorneys for Defendant, Public Schools of Edison Township
>
> By: _____
>      JOHN PETER DUGGAN

Dated: December 17, 2003

H:\DOCS\16344\1\SWANGIN.002